# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHANEL, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. PJM 14-cv-3864 |
| KEVIN ANDREW WATKINS, et al. | ) ) |
| Defendants. | ) ) ) ) ) |

## PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE CLERK'S DEFAULT

Plaintiff, Chanel, Inc. ("Chanel"), opposes Defendants' motion to set aside default and states as follows:

**I.    Introduction**

The Defendants, Kevin Andrew Watkins, an individual, and Betterview Merchandise, LLC, a Maryland limited liability company, individually and jointly, d/b/a thebvmshop.com d/b/a The Bvm Shop d/b/a @thebvmshop (collectively, the "Defendants"), did not answer the Complaint filed against them in this action and defaulted as part of a conscious litigation settlement strategy. Now that their strategy has failed, they seek to have this Court relieve them of the consequences of their decision and set aside their intentional default. The Court should decline to do so.

As will be demonstrated below, during the course of the parties' settlement discussions, the Defendants repeatedly stated their intention to accept a default judgment and file for bankruptcy. The Defendants' threats in that regard were clearly designed to persuade Chanel to settle with them on more favorable terms, but that gambit failed. Significantly, Defendants were expressly informed that Chanel intended to move for default judgment <u>and were asked by the</u>

<u>Plaintiff to file an answer and litigate the case on the merits</u>, but the Defendants consciously chose to go into default, and they allowed Chanel to proceed with its motion for final default judgment.

The Defendants can present no meritorious defense and the decision to default was intentional. Under these circumstances, the Court should not set aside the default. Accordingly, Chanel respectfully requests the Court deny the Defendants' motion to set aside default and proceed to entry of final default judgment.

**II.    Argument**

Chanel does not dispute that this court "may set aside entry of default for good cause" pursuant to Federal Rule of Civil Procedure 55 (c). However, "[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acted with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." <u>See</u> <u>Payne v. Brake</u>, 439 F.3d 198, 204 – 05 (4th Cir. 2006). In this action, the Defendants (1) cannot present a meritorious defense; (2) have not acted with any degree of promptness; and (3) are completely culpable for and intended their default.

    **A.    The Defendants do not have a meritorious defense to Chanel's claims.**

In their Motion, the Defendants contend they have a defense to Chanel's causes of action because they purchased the counterfeit goods at issue from third parties against whom they believe they may have claims. However, even if their belief is correct, the Defendants' third party claims are just that – affirmative claims against third parties – not defenses to Chanel's claims against Defendants for trademark infringement, counterfeiting, and false designation of origin. The Defendants have identified <u>no actual defenses to Chanel's causes of action</u>, nor could they.

### B. The Defendants expressly chose entry of default over filing an answer.

In a remarkable display of hubris, the Defendants contend that Chanel is equally culpable for the Defendants' failure to file an answer in this action and the resulting default. The Defendants' assertion in that regard is premised solely upon the fact that, after the Complaint was served, the parties engaged in settlement negotiations through counsel. However, as reflected in the Declaration of Stephen M. Gaffigan ("Gaffigan Decl.") submitted in support hereof, the settlement discussions between the parties were over as of April 28, 2015, at which time Chanel's counsel expressly requested that the Defendants file an answer, which at that time was already two months past due. See Gaffigan Decl. ¶3 and Pg. 2 of Composite Exhibit 1 attached thereto.  In response, the Defendants' counsel, not once, but twice, expressly informed Chanel's counsel of the Defendants' intention to take a default and file for bankruptcy. See Gaffigan Decl. ¶3 and Pgs. 1 and 2 of Composite Exhibit 1 attached thereto.

There can be little doubt that the threats of default and bankruptcy were part of a litigation strategy designed to convince Chanel to reconsider its settlement position and accept a less favorable deal.  Chanel declined to do so, and on June 8, 2015, expressly notified the Defendants' counsel in writing that Chanel intended to move for entry of default. See Gaffigan Decl. ¶3 and Pg. 2 of Composite Exhibit 1 attached thereto.  In response, the Defendants' counsel once again stated the Defendants' intention to file for bankruptcy protection "if any efforts to enforce the judgment are undertaken." See Gaffigan Decl. ¶ 3 and Pg. 1 of Composite Exhibit 1 attached thereto.  Clearly, Defendants' counsel's last email to Chanel's counsel expressly reflected a recognition that default judgment would be taken since it referred to the filing of a bankruptcy petition only upon a move by Chanel to execute the judgment presumed to be forthcoming.  See Gaffigan Decl. ¶ 3 and Pg. 1 of Composite Exhibit 1 attached thereto.

Clearly, Chanel bears no culpability for the Defendants' failure to answer the Complaint. Quite to the contrary, Chanel, on at least two occasions, expressly requested that the Defendants file an answer and informed them of the impending motion for entry of default judgment. The Defendants' inaction thereafter was the result of their own conscious and informed choice.

### C. The Defendants did not act with reasonable diligence.

In asserting that they acted with reasonable diligence, the Defendants hang their hat on the fact that only two weeks passed between the time Plaintiff filed its motion for final default judgment on August 24, 2015 and the filing of the Defendants' present Motion on September 8, 2015. However, Defendants simply ignore the fact that they were informed in writing on April 28, 2015 that Chanel expected an answer to be filed, and again on June 8, 2015 that Chanel intended to seek entry of default judgment. In all, for nearly seven months after their last Court ordered enlargement of time expired and five months after being informed that settlement negotiations were over and that an answer should be filed, the Defendants took no action whatsoever other than to state their intention to accept a default and move for bankruptcy. That is the opposite of diligence.

### D. The potential for prejudice is unknown.

The Defendants contend, without factual analysis, that there can be very little prejudice to Chanel should the Court set aside default. However, while Chanel cannot presently point to any known prejudice, because this action involves the sale of counterfeit goods online, there is a clear potential that relevant evidence will no longer be available in discovery because of the time that has already passed.

Specifically, Defendants contend that they intend to assert a defense based upon their purchase of the products in question from certain Aliexpress sellers. Aliexpress is a marketplace

platform based in the People's Republic of China.  Individual sellers in China populate the platform and sell goods via auctions and e-stores in a manner similar to the eBay marketplace platform here in the United States.  As with eBay, sellers on Aliexpress come and go quickly and change identities even more quickly. See Gaffigan Decl. ¶5.   Hence, it is entirely possible that Chanel will have lost access to evidence relevant to the Defendants' purported defense. Although Chanel believes that the Defendants' defense related to Aliexpress sellers is without merit, the Defendants have stated their intention to assert the defense, and Chanel has the right to obtain evidence to counter the same.   It is unclear at this point if that will still be possible.

### III.     Conclusion

In view of the foregoing, Chanel respectfully requests this Court deny the Defendants' motion to set aside default.  In the event the Court grants the Defendants' motion in that regard, Chanel requests it be awarded its reasonable attorneys' fees and costs associated with the needless preparation and filing of the motion for entry of final default judgment and accompanying memorandum of law.

                Respectfully submitted,

                BREGMAN, BERBERT, SCHWARTZ
                & GILDAY, LLC


                By:_____/s/ Geoffrey T. Hervey_____
                      Geoffrey T. Hervey, #04243
                      7315 Wisconsin Avenue
                      Suite 800 West
                      Bethesda, Maryland 20814
                      Telephone: (301) 656-2707
                      Facsimile: (301) 961-6525
                      Email: ghervey@bregmanlaw.com
                      Counsel for the Plaintiff,
                      Chanel, Inc.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing Opposition, the attachment thereto, and the proposed Order were filed electronically via the Court's ECF system on September 24, 2015 and were served electronically at that time on all counsel of record, all of whom are registered to receive filings via the Court's ECF system.

                                                                                /s/ Geoffrey T. Hervey